# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANGEL GONZALEZ,

Plaintiff,

-vs-                                         Case No.  6:08-cv-195-Orl-31DAB

THE PEP BOYS-MANNY, MOE & JACK,
INC.,

Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

---

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR COURT APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT AND GENERAL RELEASE (Doc. No. 25)** |
| **FILED:** | **July 24, 2008** |

---

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

---

The matter was referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA,

and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on August 5, 2008, with counsel for both parties appearing by phone.

Based on the representations in Plaintiff's response to Court Interrogatories (Doc. No. 13), Plaintiff was employed by Defendant from March 27, 2006 to August 26, 2006 as a mechanic, with Plaintiff seeking approximately $206.00 for alleged unpaid minimum wage for six days worked from August 20 to 26, 2008. Plaintiff also alleged that he was owed $750.00 under a non-FLSA breach of contract claim under state law (Count II) for the unpaid hours at his regular rate of $18.75 per hour. Doc. No. 13.

The settlement to Plaintiff of $268.68 for unpaid wages and the same amount in liquidated damages represents full settlement of the disputed FLSA damages amount Plaintiff sought. *See* Doc. No. 13. According to counsel's representations at the hearing, the additional amount of approximately $130 dollars was a compromise of the breach of contract claim.

-2-

The parties have agreed that Defendant will pay Plaintiff's attorneys $3,462.64 in attorney's fees and costs for resolution of both claims.  Because the Plaintiff has received the full amount sought for unpaid wages and liquidated damages and there was no compromise of the FLSA claim, the Court does not review the amount attorney's fees and costs.   Accordingly, it is respectfully **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues, and the Joint Motion for Court Approval of the Parties' Settlement Agreement and General Release (Doc. No. 25) be **GRANTED**; with the Clerk **DIRECTED** to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 5, 2008.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy